IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| LONNIE NORTON,<br><br>                Plaintiff,<br><br>v.<br><br>FNU COLES et al.,<br><br>                Defendants. | **MEMORANDUM DECISION & DISMISSAL ORDER**<br><br><br>Case No. 4:18-CV-95 DN<br><br>District Judge David Nuffer |

Plaintiff, Lonnie Norton, filed a prisoner civil-rights complaint. 42 U.S.C.S. § 1983 (2018). He now moves to dismiss it without prejudice, "in order that he be allowed to pursue his claims at a later date. (Doc. No. 6.)

Federal Rule of Civil Procedure 41(a)(2) allows dismissal of a case "at the plaintiff's request." Plaintiff's motion and other materials on the docket have been carefully reviewed.

Good cause appearing, IT IS ORDERED that Plaintiff's motion to dismiss his complaint without prejudice is GRANTED. (*See id*.)[1]

This action is CLOSED.

DATED this 25th day of January, 2019.

BY THE COURT:

JUDGE DAVID NUFFER
United States District Court

---

[1] Based on the dates of the Complaint's allegations, the Court provides this potentially relevant information to Plaintiff regarding refiling: "Utah's four-year residual statute of limitations . . . governs suits brought under [§] 1983." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995). And "[a]ctions under § 1983 normally accrue on the date of the [alleged] constitutional violation," *Garza v. Burnett*, 672 F.3d 1217, 1219 (10th Cir. 2012), as § 1983 claims "accrue when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir. 1994). "A plaintiff need not know the full extent of his injuries before the statute of limitations begins to run," *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994); *see also Romero v. Lander*, 461 F. App'x 661, 669 (2012) (section 1983 case); and "it is not necessary that a claimant know *all* of the evidence ultimately relied on for the cause of action to accrue." *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993) (emphasis in original).